IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RESER'S FINE FOODS,
INC., a domestic
business corporation,                    Civ. No. 3:13-cv-00098-AA

          Plaintiff,

                                         OPINION AND ORDER

     v.

BOB EVANS FARMS, INC., an
Ohio-based corporation;
BOB EVANS FARM FOODS, INC.,
an Ohio-based corporation,

          Defendants.
_____


AIKEN, Chief Judge:

     Plaintiff Reser's Fine Foods, Inc. seeks to voluntarily

dismiss its claims against defendants Bob Evans Farms, Inc., Bob

Evans Farms LLC, and BEF Foods, Inc. without prejudice and without

conditions.

     After reviewing the record, plaintiff's motion for voluntary

dismissal without prejudice is GRANTED in part and DENIED in part.

1 - OPINION AND ORDER

Specifically, dismissal without prejudice is GRANTED subject to the Court's terms and conditions. Plaintiff's request that no conditions be imposed upon dismissal is DENIED.

## PROCEDURAL BACKGROUND

On January 18, 2013, plaintiff filed suit against defendants alleging breach of a non-disclosure agreement, misappropriation of trade secrets, and conversion relating to defendants' production and sale of baked refrigerated food items. On February 22, 2013, defendants filed their answer, including counterclaims for intentional contractual interference, violation of the Lanham Act, unfair competition, breach of contract, and promissory estoppel.

On March 8, 2013, defendants moved for summary judgment on plaintiff's claims. That same day, this Court granted plaintiff's motion to stay summary judgment pending discovery. Thereafter, on May 4, 2013, this Court denied plaintiff's motion for preliminary injunction. During the next several months, the parties proceeded with limited discovery.

On September 13, 2013, plaintiff filed a notice of voluntary dismissal without prejudice and without attorneys fees. On September 17, 2013, this Court issued a scheduling order construing that notice as a motion to voluntarily dismiss.

## STANDARD

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court and subject to any terms and

2 - OPINION AND ORDER

conditions the court deems proper, to dismiss an action without prejudice at any time. See Fed. R. Civ. P. 41(a)(2); Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989).

A plaintiff's motion for voluntary dismissal without prejudice is addressed to the court's sound discretion. Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). However, such a motion should be granted with prejudice, as opposed to without, if the defendant "will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

**DISCUSSION**

I. Dismissal Without Prejudice

Plaintiff asserts that defendants will not suffer legal prejudice if this motion is granted and plaintiff's claims are dismissed without prejudice. Legal prejudice, in this context, is defined as "prejudice to some legal interest, some legal claim, some legal argument." Westlands, 100 F.3d at 97.

Defendants contend that they will suffer legal prejudice if plaintiff's motion is granted because "a dismissal without prejudice will not allow Bob Evans to pursue attorneys' fees and costs under the Trade Secret Act and the NDA . . . ." (Doc. #103 at 12). The Ninth Circuit, however, has held that the incurrence of expenses in defending against an action does not amount to

3 - OPINION AND ORDER

legal prejudice. <u>Westlands</u>, 100 F.3d at 97.

Nonetheless, defendants cite to case law suggesting that, "where monetary or other burdens appear to be extreme or unreasonable," the legal prejudice threshold is met. (Doc. #103 at 14) (citing <u>Hanson v. NCO Fin Sys., Inc.</u>, Civ. 04-3059-CO, 2005 WL 751957 (D. Or. Apr. 1, 2005)). Nothing in this case, however, indicates that defendants' monetary burdens to date have been extreme or unreasonable given the normal course of litigation. In addition to the fact that depositions have not yet been taken, substantive summary judgment briefing was stayed pending discovery. Thus, while this Court recognizes that eight months of discovery have undoubtedly resulted in significant costs, those costs do not constitute a "legal prejudice," per the definition proffered by the Ninth Circuit in <u>Westlands</u>. 100 F.3d at 97.

Defendants further assert that they will suffer legal prejudice because "Reser's seeks dismissal to avoid an adverse ruling on Bob Evans' motion for summary judgment and to avoid complying with its discovery obligations." (Doc. #103 at 13). To support this assertion, defendants cite to the theory that "the avoidance of an adverse ruling is an abusive reason to seek dismissal." <u>White v. Donley</u>, 2008 WL 4185651, at *3 (C.D. Cal. Sep. 4, 2008). Defendants' argument presupposes that plaintiff's claims will fail, or at least have a substantial likelihood of

4 - OPINION AND ORDER

failing, on the merits. Plaintiff correctly identifies several elements of this case that suggest defendants' assumptions are premature. Specifically, "there is a pending dispositive motion that is not fully briefed, no depositions have been taken, e-discovery has not been completed, . . . [and] discovery is incomplete . . . ." (Doc. #118 at 9). Accordingly, plaintiff's reasons for dismissal are not comparable to those expressed in the cases defendant cites in support of its "avoidance of an adverse ruling" argument. See AF Holdings LLC v. Navasca, 2013 WL 1748011 (N.D. Cal. Apr. 23, 2013) (relating likelihood of adverse ruling to plaintiff's inability to establish standing); In re Exxon Valdez, 102 F.3d 429 (9th Cir. 1996) (granting dismissal with prejudice because defendants spent exorbitant amounts of money and time, two and a half years, pursuing discovery); Infa-Lab, Inc. V. KDS Nail Int'l, 2009 WL 161197 (E.D. Cal. Jan. 22, 2009) (granting dismissal with prejudice upon completion of discovery and plaintiff's concession of several other claims). Therefore, defendants have not established legal prejudice to warrant voluntary dismissal of plaintiff's claims with prejudice.

II. Dismissal Conditioned on an Award of Costs and Fees

Alternatively, defendants ask the Court to award attorneys' fees and costs as a condition of dismissal without prejudice. Although the court can protect a defendant's interests by conditioning dismissal on the payment of appropriate costs and

5 - OPINION AND ORDER

attorneys' fees, such an award is not mandatory. <u>Stevedoring</u>
<u>Servs. of Am.</u>, 889 F.2d at 921. Importantly, "if the district
court decides it should condition dismissal on the payment of
costs and attorney fees, the defendants should only be awarded
attorney fees for work which cannot be used in any future
litigation of these claims." <u>Westlands</u>, 100 F.3d at 97.

Plaintiff contends that dismissal should be granted without
conditions because "litigation among the parties will continue on
related issues asserted in BEF's four counterclaims." (Doc. #96
at 7). Plaintiff's argument suggests that defendants'
counterclaims tie current and subsequent litigation such that
defendants' work to date will still be "useful" even after
dismissal. However, plaintiff's own characterization of
defendants' counterclaims illustrates the significant differences
between the claims plaintiff currently moves to dismiss and the
four counterclaims asserted by defendants. (Doc. #96 at 2, 3). To
clarify, plaintiff's claims allege "breach of a nondisclosure
agreement between the parties, misappropriation of trade secrets,
and conversion." <u>Id.</u> at 2. In contrast, defendants' counterclaims
allege "intentional interference with contractual or economic
relations, false advertising under the Lanham Act, unfair
competition, and breach of contract." <u>Id.</u> at 3. While the
parties' claims may be related, defendants' counterclaims raise
issues distinct from those raised by plaintiff's claims.

6 - OPINION AND ORDER

Perhaps more persuasive is plaintiff's assertion that defendants' "existing work product will certainly be useful" if plaintiff decides "at some point to resume pursuing its present trade secrets and breach of contract claims." (Doc. #118 at 11). While that may be true, the Ninth Circuit has held that "defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of <u>appropriate</u> costs and attorney fees." <u>Westlands</u>, 100 F.3d at 97 (emphasis added) (citing <u>Koch v. Hankins</u>, 8 F.3d 650, 652 (9th Cir. 1993)). Thus, the imposition of fees is suitable so long as defendants can show affirmatively which work product will be unusable in future litigation.

Based on the above analysis, this Court finds it appropriate to condition dismissal of plaintiff's claims without prejudice upon the payment of appropriate costs and attorney fees. Specifically, dismissal is conditioned upon payment of defendants' fees incurred in defending plaintiff's motion for preliminary injunction and in bringing their motion for summary judgment, to the extent such work product is unrelated to defendants' counterclaims or is unusable in future litigation.

## CONCLUSION

For the reasons cited above, plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. #90) is GRANTED in part and DENIED in part. Dismissal without prejudice is GRANTED

7 - OPINION AND ORDER

subject to the Court's terms and conditions, and plaintiff's
claims are HEREBY DISMISSED. Within 21 days from the date of this
order, defendants shall submit an affidavit of fees as set forth
above.

IT IS SO ORDERED.

Dated this 25th day of November 2013.


_____
Ann Aiken
United States District Judge

8 - OPINION AND ORDER